FILED

16 AUG 17 PM 12:01

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ⟨⟩ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JOHN METZGER and KRISTINA METZGER, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

IMEDX, Inc., a corporation;

Defendant.

Case No. 3:15-cv-1919-GPC-KSC

**ORDER GRANTING JOINT MOTION FOR STIPULATED PROTECTIVE ORDER**

WHEREAS, because this action may require the disclosure of certain confidential, sensitive and private information, Plaintiffs John Metzger and Kristina Metzger and Defendant iMedX, Inc. (collectively "the Parties") have agreed to maintain the confidentiality of all such information in accordance with the terms set forth herein;

IT IS HEREBY STIPULATED AND ORDERED as follows:

## 1. Designation of Material

**1.1** Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" or "Confidential – Attorneys Only" any documents, things, interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains information, within either of the above designations, as hereinafter defined.

**1.2** As used herein, "Confidential" information shall include information, data, documents and procedures of iMedX, Inc. ("iMedX"), and all of its subsidiaries and/or affiliates, that include sensitive personnel matters, matters that were developed or created in connection with iMedX's clients, customers, employees, services or pricing, internal guidelines and procedures, or methods, techniques or processes or other similar information not generally known by or available to the public. "Confidential – Attorneys Only" shall include any information, data, documents and procedures of iMedX, and its subsidiaries and/or affiliates which are, in good faith, determined to contain sensitive, proprietary, confidential and/or personal information for which the producing party in good faith believes the "Confidential" status would not provide sufficient protection, or such materials that are permitted or required by the Court to be produced as "Confidential – Attorneys Only." "Confidential – Attorneys Only" materials shall be subject to all the protective terms applicable to "Confidential" material as well as the more protective measures expressly set forth herein.

## 2. Restriction on Use and Disclosure of Designated and Non-Designated Materials

**2.1** Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "Confidential" or "Confidential – Attorneys Only" designated material. No copies of materials designated "Confidential" or "Confidential – Attorneys Only" shall be made except by or on behalf of counsel for the parties.

**2.2** The restrictions contained in this section do not apply to (a) information that, as evidenced by written records, is or was public knowledge at the time of or prior to designation in this action, or that, after such designation, becomes public knowledge other than by an act or omission of a non-designating party in violation of this Protective Order; or (b) information that, as evidenced by written records, a nondesignating party has lawfully obtained or may hereafter lawfully obtain from a nonparty to this action having the right to disclose such information free of any obligation of confidentiality, *provided, however*, that subsection (b) shall not encompass information lawfully obtained by use of compulsory discovery or subpoena.

**2.3** In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as "Confidential" or "Confidential –Attorneys Only" materials, the parties shall attempt to resolve the dispute. In the event of failure to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as designated until the issue is resolved. The burden of proof with respect to the propriety or correctness of the designation shall rest on the designating party.

**2.4** The Court retains the authority at all times to finally review any document or information designated by a party as "Confidential" or "Confidential – Attorneys Only" and to determine the appropriateness of that designation, and to re-designate any document as non-confidential or "Confidential" if the Court determines that a party's "Confidential" or "Confidential – Attorneys Only" designation is not appropriate.

### 3. Marking of Designated Materials

**3.1** A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized disclosure or use. The legend shall read: "Confidential" or "Confidential – Attorneys Only." All pages of documents to be so designated shall be marked prior to producing a physical copy thereof to the receiving party, or, in the case of natively produced files, the designating party shall identify them as "Confidential" or "Confidential – Attorneys Only" by including such notations on the file name or in a cover letter accompanying the information. The designation of any thing as to which inspection or sampling has been requested shall be made by placing a legend reading "Confidential" or "Confidential – Attorneys Only" on the thing itself, on a tag attached thereto, or on the container within which it is stored.

### 4. Inadvertent Disclosure or Failure to Mark or Designate

**4.1** If a party inadvertently discloses any document or thing containing "Confidential" or "Confidential – Attorneys Only" information without designating it as such, the disclosing party shall promptly, upon discovery of such inadvertent disclosure, inform the receiving party in writing, and the receiving party shall thereafter treat the information as newly designated. The disclosing party shall provide replacement copies of said inadvertently disclosed materials, with the appropriate designation, to the receiving party within thirty (30) days of discovery of such inadvertent disclosure. The receiving party shall make every reasonable effort to retrieve the undesignated materials from all persons who received the undesignated materials and return such materials to the disclosing party or, if so directed by the disclosing party, discard all copies of the undesignated materials.

**4.2** If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the materials or information be returned. The receiving party will return or

destroy such inadvertently disclosed materials or information and all copies within ten (10) days of receiving the written request for return of the materials or information.

**4.3** Treatment by opposing counsel in conformity with the indicated designation shall not be construed in any way as an admission or agreement by any party that the designated information is in fact confidential.

## 5. Depositions and Pretrial Testimony

**5.1** The designation of depositions or other pretrial testimony, or portions thereof, shall be made (a) by a statement on the record, by counsel, during such deposition or other pretrial proceedings that the entire transcript or portion thereof shall be designated as "Confidential" or "Confidential – Attorneys Only" as appropriate, hereunder; or (b) by a written notice of such designation sent by counsel to all parties within twenty (20) days after receipt of the final transcript including the deposition or testimony. If any document or information designated "Confidential" or "Confidential – Attorneys Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

**5.2** If a party anticipates that it may disclose at any hearing or at trial any information designated "Confidential" or "Confidential – Attorneys Only," pursuant to this Protective Order, the parties shall consult with the Court prior to such hearing or trial regarding appropriate procedures to maintain the confidentiality of the information before the information is disclosed.

**5.3** Aside from the Court, deponents, testifying witnesses, professional translators and stenographic reporters serving the attorneys of record or the Court, only individuals otherwise authorized to receive such "Confidential" or "Confidential – Attorneys Only" materials under the terms of this Protective Order may be present during confidential portions of the depositions or other testimony.

**6.     Access to "Confidential" Materials**

**6.1**    Information or materials designated "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed or made available, in whole or in part, only for purposes of this litigation and only to the parties in this action and the following persons:

(a)   The Court under seal;

(b)   Parties' outside counsel of record in this action and in-house counsel and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(c)   Outside stenographic court reporters, videographers, language translators, and other organizations supplying litigation support services;

(d)   Graphics, design or copy services retained by counsel for a party for purposes of preparing demonstrative exhibits for deposition, trial or other court proceedings in this action, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(e)   Non-technical jury or trial consulting services retained by counsel for a party provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(f)   Outside experts and consultants as defined in Paragraph 6.2, and their secretarial and clerical assistants, provided that the persons to whom the information is disclosed execute an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order;

(g)   Mediator(s) selected by the parties or the Court;

(h)   Any other person upon order of this Court or upon written consent of the party producing the confidential information or material provided that the persons to whom the information is disclosed execute an

6

3:15-cv-1919-GPC-KSC

    undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order; and

  (i) Employees, officers, or directors of a party, so long as such persons have executed an undertaking in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Protective Order, before receiving any "Confidential" information.

**6.2** The parties shall not disclose documents designated as "Confidential" to putative class members not named as a plaintiff in the Action unless and until one or more classes have been certified and that class member is a member of the certified class(es).

**6.3** For purposes of this Protective Order, a consultant shall be defined as a person who is not a party, an employee or former employee of a party, or anticipated to become an employee of a party during the course of this litigation, and who is retained or employed in good faith as a consultant or expert for purposes of this litigation, whether full-time or part-time, by or at the direction of counsel for a party.

**6.4** Nothing in this Order shall limit any disclosing party's use of its own documents and information, nor shall it prevent the disclosing party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

**7.** **<u>Disclosure to Authors and Previous Recipients</u>**

**7.1** The designation of any document as "Confidential" or "Confidential – Attorneys Only" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein.

## 8. Access to "Confidential – Attorneys Only" Materials

**8.1** Documents or information designated as "Confidential – Attorneys Only" shall be disclosed only for purposes of this litigation and only to attorneys of record for the parties to this action, the authorized secretarial and legal assistance staff of such attorneys, litigation, graphic and/or design support staff as provided in Paragraph 6.1(c)-(d), the Court and Court personnel as provided in Paragraph 6.1(a), and, subject to Paragraphs 6.1(e)-6.1(f), to consultants, experts, and their staff retained by the parties or their attorneys for purposes of this litigation. No documents or information designated as "Confidential – Attorneys Only" shall be disclosed to any third party or to any party to this action, other than the disclosing party, except by written stipulation of the parties or by order of the Court. Documents or things designated as "Confidential – Attorneys Only" shall not be retained, filed, or stored on the premises of any non-disclosing party.

**8.2** The parties agree to meet and confer in good faith should either party believe disclosure of a document designated as "Confidential – Attorneys Only" to a third party or a party to this action is necessary.

## 9. Filing Materials Under Seal

**9.1** Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

**9.2** No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified in this Order.

**9.3** The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to

constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

## 10. Disposition of Designated Materials at End of Case

**10.1** Within thirty (30) days of the final adjudication, or resolution through settlement, of the claims at issue herein, unless otherwise agreed in writing by an attorney of record for the designating party, each party shall, at the option of the producing party, either (a) assemble and return all "Confidential" or "Confidential – Attorneys Only" material, including all copies thereof, to the party or third-party witness from which the designated material was obtained, or (b) certify in writing that all such material has been deleted or destroyed in such a manner that it cannot be reviewed by others, such as by shredding. If "Confidential" or "Confidential – Attorneys Only" material is directed to be returned, the producing party shall acknowledge receipt of such material in writing.

**10.2** Unless otherwise agreed, outside counsel for each party may retain one (1) archival copy of "Confidential" or "Confidential – Attorneys Only" material, and this Protective Order shall remain in force with respect to such material.

## 11. Duration of Order

**11.1** All provisions of this Protective Order, other than the confidentiality provisions of Paragraph 2 and the provision of Paragraph 10.2 pertaining to the archival copies, shall expire one month after compliance by all parties with Paragraph 10.1 hereof. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

## 12. Modification of Order

**12.1** The Court may modify this Protective Order in the interests of justice or for public policy reasons.

**12.2** Nothing in this Protective Order shall prevent any party from applying to this Court for entry of an Order declassifying a document which has been designated "Confidential" or "Confidential – Attorneys Only." This Protective Order shall not prevent any party from applying to this Court for relief therefrom or from applying to this

Court for further or additional protective orders, or from modifying this Protective Order by mutual agreement, subject to the approval of this Court.

Dated: July 13, 2016

AMARTIN LAW

SAN DIEGO COUNTY LAW OFFICES

By: *s/ Alisa A. Martin*
ALISA A. MARTIN
Attorneys for Plaintiff and the Class

Dated: July 13, 2016

ARNALL GOLDEN GREGORY LLP

By: *s/ Edward D. Marshall*
EDWARD D. MARSHALL
Attorneys for Defendant iMedX, Inc.

Dated: July 13, 2016

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP

By: *s/Amy Wintersheimer Findley*
AMY WINTERSHEIMER FINDLEY
Attorneys for Defendant iMedx, Inc.

**SO ORDERED.**

DATED: August 17, 2016

By: [signature]

Karen S. Crawford
United States Magistrate Judge,
United States District Court
Southern District of California

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN METZGER and KRISTINA METZGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMEDX, Inc., a corporation;<br><br>Defendant. | **Case No. 3:15-cv-1919-GPC-KSC**<br><br>**UNDERTAKING REGARDING CONFIDENTIAL INFORMATION** |

I, _____, BEING DULY SWORN, STATE THAT:

1. I reside at _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions in the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes set forth in the Protective Order any information or documents

designated "Confidential" or "Confidential – Attorneys Only" and disclosed to me.

    4.    Promptly upon termination of this action, I will return all designated "Confidential" or "Confidential – Attorneys Only" designated information and documents that came into my possession, and all documents and things I have prepared relating thereto, to counsel for the party by whom I am retained or employed.

    5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order and this undertaking in this action.

Dated_____            _____