# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN METZGER and KRISTINA METZGER, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>IMEDEX, INC., a corporation,<br><br>  Defendant. | CASE NO. 15cv1919-GPC(KSC)<br><br>**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL AND DENYING MOTION FOR ATTORNEYS' LIEN**<br><br>[Dkt. Nos. 24, 25.] |

Before the Court is Plaintiffs' counsel's motion to withdraw as counsel for Plaintiffs John Metzger and Kristina Metzger. (Dkt. No. 24.) Plaintiffs' counsel also filed a motion for attorneys' lien to recover costs. (Dkt. No. 25.) No opposition has been filed. Based on the reasoning below, the Court GRANTS counsel for Plaintiffs' motion to withdraw as counsel and DENIES their motion for attorneys' lien to recover costs.

**Discussion**

AMartin Law, PC and San Diego County Law Offices, counsel of record for Plaintiffs move to withdraw as counsel based on one or more grounds specified in the California Code of Professional Responsibility and the American Bar Association Model Rules of Professional Conduct. (Dkt. No. 24, David Decl. ¶¶ 4-5.)

"An attorney may not withdraw as counsel except by leave of court." Darby v.

City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. See La Grand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Stewart v. Boeing Co., No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

Local Civil R. 83.3(f)(3). Here, Plaintiffs' counsel filed a certificate of service which indicates that the motion was served on their client and to opposing counsel. (Dkt. No. 24 at 5-6.)

Counsel seek to withdraw as counsel based on one or more grounds specified in the California Code of Professional Responsibility and the American Bar Association Model Rules of Professional Conduct. No party has opposed the motion to withdraw so no prejudice has been shown. The case is in its early stages as a case management conference has not yet been held. After a review of the factors to consider on a motion to withdraw as counsel, the Court concludes that withdrawal is warranted. Based on the above, the Court GRANTS counsel for Plaintiffs' motion to withdraw as counsel.

Plaintiffs' counsel also filed a motion for an attorneys' lien to recover costs. Plaintiffs entered into an "Attorney Client Contingency Fee Agreement" with Travis Jang-Busby and his firm, San Diego County Law Offices and Alisa Martin and her

firm, Amartin Law APC. The Agreement provides,

> Section 10. ATTORNEYS, individually and collectively, have the absolute right to withdraw from the representation of CLIENT upon giving CLIENT reasonable notice to secure other counsel. Instances in which ATTORNEYS will withdraw would include, without limitation: (a) in the event evidence discloses the claim or suit lacks merit, or is economically unfeasible to pursue, or that any judgment or award will be uncollectible, or (b) upon CLIENT's non-cooperation or material breach of this Agreement.
>
> Section 9. If employment of ATTORNEYS is terminated prior to settlement or judgment and CLIENT chooses to continue to pursue the case, ATTORNEYS shall be compensated for services rendered and reasonable fees shall be determined to be the greater of (a) a fixed hourly rate of $650.00 per hour for attorneys and $125.00 per hour for paralegal services rendered to the date of termination and for winding up and transferring CLIENT's files or (b) a percentage of the total amount ultimately recovered by CLIENT in connection with the matters for which ATTORNEYS were retained, according to the agreed contingency fee of 40% of any recovery. Any dispute between ATTORNEYS and CLIENT as to the reasonable value of services following discharge or withdrawal shall be arbitrated by a neutral arbitrator selected by the presiding judge of the Superior Court of San Diego County.

(Dkt. No. 25 at 2-3.) Counsel seek reimbursement of $3,276 in costs for mediation, parking, research/contract labor and copy and printing costs. (Dkt. No. 25, David Decl. ¶ 4.)

"Attorney's liens may be enforced in federal actions" and are analyzed under state law. Doherty v. City of Alameda, No. 09-4961, 2011 WL 2429364, at *2 (N.D. Cal. June 13, 2011). "Generally, attorney's liens are a charge used to secure attorney fees and expenses incurred 'out of proceeds of a prospective judgment.'" Id. (quoting Fletcher v. Davis, 33 Cal. 4th 61, 66 (2004)).

Plaintiffs' counsel argue and the Court agrees that an attorney's lien must comply with California Rules of Professional Conduct Rule 3-300,

> A member shall not enter into a business transaction with a client; or knowingly acquire an ownership, possessory, security, or other pecuniary interest adverse to a client, unless each of the following requirements has been satisfied:
> (A) The transaction or acquisition and its terms are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which should reasonably have been understood by the client; and
> (B) The client is advised in writing that the client may seek the advice of an independent lawyer of the client's choice and is given a

>reasonable opportunity to seek that advice; and
>(C) The client thereafter consents in writing to the terms of the transaction or the terms of the acquisition.

Cal. R. Prof. Conduct 3-300.

"Requiring the client's informed written consent has the additional benefit of ensuring that the client truly agrees to the creation of the lien and its scope, thus making it less likely that a disagreement will arise that could lead to litigation or other action adverse to the client, and also impressing upon the client the importance of his or her consent and of the right to withhold it." Fletcher, 33 Cal. 4th at 69.

Here, the language of the Agreement does not specifically provide for an attorney's lien on any future recovery but only provides the methods by which attorneys' fees will be compensated.[1] Section 9 of the Agreement does not establish a lien on any recovery and therefore, Plaintiffs' counsel did not obtain their clients informed written consent because the Agreement did not fully disclose to Plaintiffs in a manner which Plaintiffs reasonably should have understood that their attorney would place a lien on any future recovery. Second, the Agreement does not advise that Plaintiffs may seek the advice of an independent lawyer. See In re Segovia, 387 B.R. 773, 784 (N.D. Cal. 2008) (lien form did not comply with Rule 3-300 because it did not inform clients they may consult with an independent attorney concerning the lien). Therefore, Plaintiffs' counsel failed to comply with Rule 3-300. Thus, the Court concludes that the Agreement does not create a lien and even it did create a lien, it would not have been an enforceable lien. See Fletcher, 33 Cal. 4th at 71-72 (lien not enforceable because attorney failed to comply with Rule 3-300). Accordingly, the Court DENIES Plaintiffs' counsels' motion for attorneys' lien to recover costs.

## Conclusion

Based on the above, the Court GRANT Plaintiffs' counsels' motion to withdraw

---

[1] This provision also provides that the attorneys will be compensated only if Plaintiffs chooses to pursue the case. At this point, it is not clear whether Plaintiffs will pursue the case while proceeding pro per.

as attorney for Plaintiffs and DENIES their motion for attorneys' lien to recover costs. The Clerk of Clerk shall indicate on the docket that Plaintiffs are proceeding pro se with the following address: **John and Kristina Metzger, 6432 Olea Lane, #104, Carlsbad, CA 92011**.

The hearing date set for October 7, 2016 shall be **vacated.**

IT IS SO ORDERED.

DATED:  October 4, 2016

　　　　　　　　　　　　　　　　　HON. GONZALO P. CURIEL
　　　　　　　　　　　　　　　　　United States District Judge

cc:

John and Kristina Metzger
6432 Olea Lane, #104
Carlsbad, CA 92011